UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARL BROWN,

                    Plaintiff,

      v.                                                    9:16-CV-0808
                                                                (TJM/ATB)

ANTHONY ANNUCCI, et. al.,

                    Defendants.

---

APPEARANCES:

CARL BROWN
Plaintiff, pro se
01-A-0717
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

      Plaintiff Carl Brown commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 5 ("IFP Application"). By Decision and Order filed August 30, 2016 (the "August Order"), this Court granted plaintiff's IFP application, but found that plaintiff's complaint failed to allege sufficient facts to state a plausible claim against any of the defendants. *See* Dkt. No. 11, *generally*. Accordingly, plaintiff's complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *See id.* at

8-9. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *See id*.

Plaintiff has submitted an amended complaint in response to the August Order. Dkt. No. 22 ("Am. Compl.").[1] For the reasons set forth below, this action is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) because plaintiff has failed to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August Order and will not be restated here. *See* Dkt. No. 11 at 2-4. Taking into account plaintiff's pro se status, the Court construes the allegations in plaintiff's amended complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers."). Despite this liberal reading, for the reasons discussed below, a review of plaintiff's amended complaint reveals that it does not cure the deficiencies identified in the original complaint, and fails to state a claim upon which relief may be granted under Section 1983.

## III. REVIEW OF AMENDED COMPLAINT[2]

---

[1] Plaintiff provided a second copy of the amended complaint with a letter requesting that it be returned if the Court had already received his submission. Dkt. No. 23. The second copy is a duplicate of the amended complaint and thus, the Clerk of the Court is directed to forward a copy of the submission (Dkt. No. 23) and the docket report to plaintiff.

[2] Plaintiff annexed exhibits to the amended complaint. Dkt. No. 22-1. To the extent that the exhibits attached to the amended complaint are relevant to the incidents in the amended complaint, the Court will consider the documents. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (holding that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or

The facts set forth in the amended complaint are largely identical in content to the allegations set forth in the original complaint. Plaintiff alleges that defendant Ms. Stoddard ("Stoddard") sexually harassed him in violation of his Eighth Amendment rights and that defendants Superintendent Graham ("Graham"), Sgt. Murray ("Murray"), Lt. Fasce ("Fasce"), Inspector General D. Miller ("Miller") and Captain B. Chutley[3] ("Chutley") failed to properly investigate the incident. *See* Am. Compl., *generally*.

The amended complaint does not contain any claim against Commissioner Anthony Annucci ("Annucci") and Annucci is not named in the list of defendants.[4] Plaintiff named "John Doe" as an additional defendant and alleges a new retaliation claim against Miller.[5] For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

## IV. ANALYSIS

### A. Sexual Harassment

In the August Order, the Court discussed the law as it pertains to plaintiff's Eighth Amendment sexual harassment claim. *See* Dkt. No. 11 at 7-8. The Court held:

> Here, plaintiff complains of one instance of verbal sexual harassment by Stoddard. *See* Compl. at 5. Plaintiff does not contend that he was touched or physically harmed in any manner from this conduct. Consequently, plaintiff's Eighth Amendment claim for verbal sexual harassment is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

---

documents incorporated in it by reference).

[3] In the amended complaint, plaintiff refers to Captain B. Chuttey as "Chutley." Am. Compl. at 1. The Clerk of the Court is directed to amend the docket accordingly.

[4] The Clerk of the Court is directed to dismiss Annucci as a defendant herein.

[5] The Clerk of the Court is directed to add John Doe as a defendant herein.

3

> 1915A(b) for failure to state a claim. *See Phelan v. Durniak*, No. 9:10-CV-666 (FJS/RFT), 2014 WL 4759937, at *6 (N.D.N.Y. Sept. 24, 2014) (holding that allegations of isolated verbal sexual harassment, without physical harm or contact, failed to state a claim).

Dkt. No. 7 at 6-7.

The Court has reviewed the amended complaint and finds that plaintiff's claim suffer from the same infirmities as the original pleading. Accordingly, plaintiff's Eighth Amendment claim against Stoddard is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**B.     Failure to Investigate**

In the August Order, the Court dismissed plaintiff's claims against Miller, Chutley, Fasce, and Murray holding that plaintiff does not have a constitutional right to an investigation "of any kind by government officials." Dkt. No. 11 at 9. In the absence of any additional factual allegations, beyond those previously asserted in the original complaint, the amended complaint fails to state a cause of action against the defendants for failure to investigate.

**C.     Supervisory Claims**

In the August Order, the Court discussed the law as it pertains to plaintiff's supervisory claim against Graham. *See* Dkt. No. 11 at 10-12. The Court dismissed plaintiff's claims against Graham holding:

> While cognizant of *Grullon*, the Court finds that, as presently plead, plaintiff has failed to establish that Graham was personally involved in any constitutional deprivation. Plaintiff claims that he submitted a complaint to Graham but failed to plead any facts establishing when the complaint was sent, where it was sent, by what means it was forwarded, or what

4

> response, if any, he received from Graham. Without more, the allegations are not enough to allege personal involvement in any constitutional deprivation. See *Bridgewater,* 698 F.Supp.2d at 359; *Guillory v. Cuomo*, 616 F. App'x 12, 14 (2d Cir. 2015) (summary order). The Court recognizes that plaintiff is proceeding pro se and that this requires the Court to treat his pleadings with a certain degree of liberality; despite this, plaintiff's conclusory allegations against defendants are wholly insufficient to state a plausible claim. Therefore, plaintiff's claims against Annucci and Graham are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Dkt. No. 11 at 12.

In the amended complaint, plaintiff claims that on April 20, 2013, he "went back to my cell and proceeded to write and subsequently file a complaint explaining what just happened." Am. Compl. at 5. The amended complaint however, still lacks facts related to when the complaint was sent, where it was sent, by what means it was forwarded, or what response, if any, he received from Graham. As presently plead, the amended complaint does not cure the deficiencies in plaintiff's supervisory claims. For the reasons set forth in the August Order, plaintiff's supervisory claims against Graham are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D. Misbehavior Report and Retaliation Claim

In the August Order, the Court held that plaintiff did not have the constitutional right to be free from being falsely accused in a misbehavior report. Dkt. No. 11 at 9. The Court held, "[i]n the absence of any allegation that defendants acted in retaliation for plaintiff's exercise of a protected right, plaintiff's claim that defendants issued a false disciplinary report is not cognizable in this action pursuant to 42 U.S.C. § 1983 and is dismissed

5

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)." *Id*. In the amended complaint, plaintiff attempts to allege a retaliation claim against Miller. Am. Compl. at 5.

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the speech or conduct at issue was "protected;" (2) the defendants took "adverse action" against the plaintiff – namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)). The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes*, 239 F.3d at 491, *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)); *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988).

It is well-settled that filing a grievance is constitutionally protected conduct. *Johnson v. Eggersdorf*, 8 F. App'x 140, 144 (2d Cir. 2001); *Graham v. R.J. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). A plaintiff can establish a causal connection that suggests retaliatory intent by showing that his protected activity was close in time to the complained-of adverse

6

action. *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2001) (citations omitted). While there is no "bright line" defining the limits of the temporal relationship, courts in the Circuit have held that an adverse action taken within three months after a protected activity can reasonably be perceived as retaliatory. *See Gorman-Bakos v. Cornell Coop. Extn. of Schenectady Cty*., 252 F.3d 545, 554 (2d Cir. 2001); *see also Ashok v. Barnhart*, 289 F.Supp.2d 305, 314 (E.D.N.Y. 2003) (reasoning that the interval between a protected activity and an adverse action that results in a finding of retaliation is generally no more than several months).

In the amended complaint, plaintiff alleges that Miller wrote a disciplinary report charging plaintiff with fabricating the incident with Stoddard in retaliation for complaining to Graham about the incident. Am. Compl. at 5. While the misbehavior report is not part of the amended complaint, from a review of the documents attached to the amended complaint, it may be inferred that the misbehavior report was issued on or before May 2, 2013.[6] As presently plead, the retaliation claim is subject to dismissal. As discussed *supra*, the amended complaint lacks any facts related to plaintiff's complaint to Graham. Thus, the amended complaint is void of any facts establishing how Miller became aware of plaintiff's complaint to Graham. *See Faulk v. Fischer,* 545 F. App'x 56, 59 (2d Cir. 2013) (holding that the plaintiff failed to produce evidence suggesting that the defendants were "motivated by, or even aware of," his grievance); *see also Davidson v. Talbot*, No. 01-CV-473 (RFT), 2005 WL 928620, at *16 (N.D.N.Y. March 31, 2005) (finding that the plaintiff's allegation that he was attacked for filing grievances failed to allege when the grievances

---

[6] In a memorandum addressed to plaintiff and dated May 2, 2013, Chutley advised that, "[t]his complaint has also been investigated by the Inspector Generals Office in which a Misbehavior Report has been issued." Dkt. No. 22-1 at 1.

7

were filed and thus, "th[e] Court had no way of assessing the strength or validity of such claim."); *see Guillory v. Haywood*, No. 13-CV-1564 (MAD/TWD), 2015 WL 268933, at *23 (N.D.N.Y. Jan. 21, 2015) (concluding that the plaintiff failed to allege facts identifying the grievances and lawsuits from which the defendant's awareness could be inferred). As plaintiff has not sufficiently alleged a causal connection between any protected activity and Miller's alleged retaliatory conduct, plaintiff has not stated a plausible claim for retaliation against Miller in violation of the First Amendment, related to the April 2013 incident, and this claim is dismissed.

### E.     Defendant John Doe

The law regarding personal involvement in § 1983 actions was discussed in the August Order. Dkt. No. 11 at 10. In the amended complaint, plaintiff names John Doe as a defendant in the caption. Am. Compl. at 1. The amended complaint however, contains no specific allegations of wrongdoing by John Doe or any claim that John Doe was personally involved in any constitutional violation. Accordingly, any claim against John Doe is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the constitutional deprivations alleged in the amended complaint).

### F.     Timeliness of Claims

8

Even assuming plaintiff sufficiently plead a viable claim, despite being given an opportunity to present tolling arguments, plaintiff's amended complaint lacks any reasonable explanation for this untimely filing. As discussed in the August Order, plaintiff's claims that arose before June 28, 2013 fall outside the three-year statute of limitations applicable to Section 1983 actions. Dkt. No. 11 at 14. Plaintiff has not demonstrated "extraordinary circumstances" that would compel this Court to apply the tolling doctrine. Thus, plaintiff's claims are also subject to dismissal based upon the applicable statute of limitations.

## V.    LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, plaintiff has already been provided one opportunity to amend his complain. The deficiencies with his original complaint, identified by the court in its decision,

9

have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court is directed to amend the docket as follows: (1) substitute "Captain B. Chutley" for "Captain B. Chuttey"; (2) dismiss Annucci as a defendant herein; and (3) add John Doe as a defendant; and it is further

**ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, **without leave to replead**. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff together with a copy of Dkt. No. 23 and the docket report for this action.

**IT IS SO ORDERED**.

Dated: March 16, 2017

Thomas J. McAvoy
Senior, U.S. District Judge